UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD LYON, | Case No. 2:25-cv-00667-DC-CSK |
| Plaintiff, | ORDER |
| v. | (ECF Nos. 12, 13) |
| KEATON DENLAY, | |
| Defendant. | |

This action proceeds on Plaintiff Richard Lyon's Complaint filed on February 26, 2025.[1] Plaintiff is proceeding without the assistance of counsel. Pending before the Court are Plaintiff's motion for default judgment (ECF No. 12) and Defendant Keaton Denlay's motion to set aside the Clerk's entry of default (ECF No. 13). Pursuant to Eastern District of California Local Rule 230(g), the motions are submitted upon the record and the briefs. For the following reasons, the Court DENIES without prejudice Plaintiff's motion for default judgment (ECF No. 12) and Defendant's motion to set aside the Clerk's entry of default (ECF No. 13).

On October 16, 2025, the Court issued an Order to Show Cause directing Plaintiff to file a statement with the Court indicating the status of service as the record did not

---

[1] This matter proceeds before the undersigned pursuant to 28 U.S.C. § 636, Fed. R. Civ. P. 72, and Local Rule 302(c).

1

reflect that Plaintiff had attempted proper service on Defendant pursuant to Federal Rule of Civil Procedure 4. 10/16/2025 Order (ECF No. 6). On October 21, 2025, Plaintiff filed a response to the Court's October 16, 2025 Order to Show Cause attaching a proof of service indicating Plaintiff, himself, had served Defendant with the summons by certified mail. ECF No. 7 at 3. On October 28, 2025, Plaintiff requested entry of default as to Defendant, which was declined by the Clerk of Court on October 31, 2025. (ECF Nos. 8, 11.) On November 4, 2025, Plaintiff filed the pending motion for default judgment pursuant to Federal Rule of Civil Procedure 55(b). (ECF No. 12.) On November 7, 2025, Defendant filed the pending motion to set aside the Clerk's entry of default pursuant to Federal Rule of Civil Procedure 55(c) and noticed the hearing before the undersigned for December 16, 2025. (ECF No. 13).

Pursuant to Federal Rule of Civil Procedure 55, entry of default must be obtained prior to entry of default judgment. Fed. R. Civ. P. 55(a). Default may be entered against a party against whom a judgment for affirmative relief is sought who fails to plead or otherwise defend against the action. *See* Fed. R. Civ. P. 55(a). Here, Defendant has not had default entered against him, which is a requirement prior to seeking default judgment. The Clerk of Court declined to enter default as to Defendant on October 31, 2025. (ECF No. 11.) Accordingly, Plaintiff's motion for default judgment is denied without prejudice. In addition, because entry of default has not been entered against Defendant, Defendant's motion to set aside the Clerk's entry of default is denied without prejudice.

Further, Plaintiff is informed that, under Rule 4 of the Federal Rules of Civil Procedure, simply mailing a summons does not constitute service of process on Defendant. First, Plaintiff is not allowed to serve Defendant himself, as the rule requires the person effectuating service to be someone other than a party to the action. Fed. R. Civ. P. 4(c)(2). Second, the rules require the summons be served with a copy of the Complaint. *See* Fed. R. Civ. P. 4(c)(1). Third, this service cannot be by mail but must be personally served depending on the nature of the defendant. *See* Fed. R. Civ. P. 4(e), 4(i), 4(j). These requirements, among others in Rule 4, are important for the court to

2

determine that due process has been provided to all parties. In light of Plaintiff's pro se status, the time for service is extended. *See* Fed. R. Civ. P. 4(m). Plaintiff shall have 30 days from the date of this order to effectuate proper service on Defendant. Thereafter, Defendant may respond within the standard time limits allowed by the Federal Rules. Plaintiff is warned that further failure to follow the rules regarding service may result in dismissal of this action under Rule 4(m) or Rule 41(b) of the Federal Rules of Civil Procedure.

**ORDER**

It is HEREBY ORDERED that:

1. Plaintiff's motion for default judgment (ECF No. 12) is DENIED without prejudice;
2. Defendant's motion to set aside the Clerk's entry of default (ECF No. 13) is DENIED without prejudice;
3. The hearing scheduled for December 16, 2025 on Defendant's motion to set aside the Clerk's entry of default is VACATED;
4. Within 30 days, Plaintiff shall effectuate proper service on Defendant under Rule 4 of the Federal Rules of Civil Procedure; and
5. Plaintiff is warned that further failure to follow the rules regarding service may result in dismissal of this action under Rule 4(m) or Rule 41(b) of the Federal Rules of Civil Procedure.

Dated: December 3, 2025

CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

4, lyon0667.25