1

**P O R T E R  |  S C O T T**

2
A PROFESSIONAL CORPORATION
William E. Camy, SBN 291397
3
Griff Ryan-Roberts, SBN 363862
2180 Harvard Street, Suite 500
4
Sacramento, CA 95815
TEL: 916.929.1481
5
FAX: 916.927.3706
6
wcamy@porterscott.com
groberts@porterscott.com
7

8
Attorneys for Defendant, KEATON DENLAY
*Exempt from filing fee pursuant to Government Code section 6103*
9

10
### UNITED STATES DISTRICT COURT
11
### FOR THE EASTERN DISTRICT OF CALIFORNIA

12

13
RICHARD LYON,                                **Case No.: 2:25-CV-00667-DC-CSK**

14
        Plaintiff,

15
vs.                                          **MEMORANDUM      OF      POINTS      OF
AUTHORITIES IN SUPPORT OF DEFENDANT**
16
KEATON DENLAY,                               **KEATON   DENLAY'S   MOTION   TO   DISMISS
PLAINTIFF RICHARD LYON'S COMPLAINT**
        Defendant.
17

18
        Date: January 13, 2026
Time: 10:00 am
19
        Location: Courtroom 25, 8th floor
501 I Street, Sacramento, CA  95814
20

21
        Compl. Filed: 2/26/2025
Trial Date: Not Set
22
_____/

23

24

25

26

27

28

---

Defendant Keaton Denlay ("Defendant") hereby submits its Memorandum of Points and Authorities in support of its Motion to Dismiss from Plaintiff Richard Lyon's ("Plaintiff") Complaint all claims asserted against the Defendant.

## I.    <u>INTRODUCTION</u>

This action arises from Plaintiff's attempt and failure to release a lien at the Butte County Recorder's Office. Plaintiff alleges Defendant refused to record a Release of Lien and Release of Mortgage that Plaintiff provided to Defendant. Aside from the Declaration of Independence, Plaintiff's Complaint cites no clear legal authority as the basis for his claims against Defendant and fails to provide Defendant with adequate notice of specific claims against him. As such, the Complaint does not comply with Rule 8 of the Federal Rules of Civil Procedure and must be dismissed pursuant to F.R.C.P. Rule 41(b). Regardless, even more than charitably construing Plaintiff's Complaint, the Complaint fails to state a plausible, cognizable claim for relief against Defendant. As such, the Complaint fails as a matter of law. Defendant respectfully requests that the Court grant the Defendant's Motion and dismiss Plaintiff's Complaint with prejudice, as amendment would be futile.

## II.    <u>FACTUAL BACKGROUND</u>

Plaintiff alleges on October 8, 2024, Defendant "refused to record [Plaintiff's] document(s)." (ECF No. 1, Complaint, Facts, p. 2.) On that date, Plaintiff "entered the recorder's office for and within Butte, County California, to record a Release of Lien and Release of Mortgage designed to release a lien, along with supporting affidavit(s) attesting to the lawful enactment of said document to be recorded." (*Id*.) At the Recorder's Office, Plaintiff "was met by [Defendant], who received [Plaintiff's] document(s)." (*Id*.)

## III.    <u>PROCEDURAL HISTORY</u>

On February 26, 2025, Plaintiff filed his Complaint. (ECF No. 1, Complaint.) On April 29, 2025, Plaintiff improperly served Summons and Complaint on Defendant via mail. (ECF No. 7, Response to Order to Show Cause.) On October 29, 2025, the Clerk of Court filed an Entry of Default. (ECF No. 9, Clerk's Entry of Default.) On November 7, 2025, Defendant filed a Motion to Set Aside Default Judgment, which is pending and scheduled to be heard on December 16, 2025. (ECF No. 13, Motion to Set Aside.) On November 11, 2025, presumably in response to Defendant's Motion, Plaintiff personally served Defendant with the Summons. (ECF No. 14, Summons Returned Executed.)

Plaintiff brings the following claims against the defendant: (1) Unlawful Adjudication; (2) Violation of Due Process; (3) Concealing Evidence; (4) Breach of Duty; (5) Breach of Oath; (6) Deprivation of Rights Under Official Title; (7) Abuse of Authority; (8) Official Misconduct; (9) Maintaining False Public Documents; and (10) Defrauding the Public Record. (ECF, No. 1, Complaint, pp. 3-4.)

## IV.    ARGUMENT

As further discussed in Section IV(A) below, Plaintiff's Complaint fails to comply with F.R.C.P. Rule 8(a)(2), as it consists of allegations that fail to place Defendant on adequate notice as to the specific claims asserted against him. As such, Plaintiff's claims against the Defendant must be dismissed pursuant to F.R.C.P. Rule 41(b). Further, as discussed in Section IV(B) below, the Complaint fails to allege facts against the Defendant sufficient to state a claim upon which relief may be granted. As such, Plaintiff's Complaint must also be dismissed with prejudice pursuant to F.R.C.P. Rule 12(b)(6).

**A. The Complaint Fails to Comply with F.R.C.P. Rule 8(a)(2) and Must be Dismissed.**

"A pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." F.R.C.P. Rule 8(a)(2). A complaint does not comply with Rule 8 if "one cannot determine from the complaint who is being sued, for what relief, ***and on what theory***." *McHenry v. Renne*, 84 F. 3d 1172, 1175-1178 (9th Cir. 1996). "A complaint which fails to comply with [F.R.C.P. Rule] 8(a) . . . may be dismissed with prejudice pursuant to rule 41(b)." *Nevijel v. North Coast Life Insurance Co.*, 651 F.2d 671, 673 (9th Cir. 1981); *see also MackIntosh v. Lyft, Inc.*, 2019 WL 5682826 at *5 (E.D. Cal. 2019). In turn, F.R.C.P. 41(b) provides that "[i]f the plaintiff fails . . . to comply with these rules . . . a defendant may move to dismiss the action or any claim against it." "Rule 8(a) is grounds for dismissal independent of Rule 12(b)(6), and dismissal on Rule 8(a) grounds does not require that the complaint be wholly without merit." *Gottschalk v. City & Cnty. of San Francisco*, 964 F. Supp. 2d 1147, 1154 (N.D. Cal. 2013.)

The Complaint fails to clearly allege facts stating a claim for relief against Defendant, leaving Defendant guessing as to what legal theories Plaintiff bases their claims. (ECF No. 1, Complaint, Facts, p. 2.) The only legal authority Plaintiff references in support of his claims is the Declaration of Independence, **which is neither statutory nor case law**. (*Id.*, Declaration of Authority to Bring this

Claim, p. 5.) Plaintiff states that he has established his claims under the standard of "reasonable-articulable suspicion." (*Id.*, Establishment of Allegations, p. 3.) The remainder of Plaintiff's Complaint fails to reference any specific case, statute, or other legal theory upon which the allegations are based.

### 1. Plaintiff's First, Fifth, and Seventh Claims

Plaintiff's first, fifth, and seventh claims fail to clearly identify a legal theory as the basis for those claims, and it is unclear as to what cause of action Plaintiff is pursuing. The claims listed are Unlawful Adjudication, Breach of Oath, and Abuse of Authority, respectively. (ECF No. 1, Complaint, Establishment of Allegations, pp. 3-4.) These causes of action do not exist. Plaintiff makes clear that his "Suit [is] at Common-Law" and therefore, would not rely on any statutory language as its legal authority. (*Id.*, Introduction to Claim and Background, p. 1.) Without any reference to the legal basis of these claims, Defendant is unable to adequately respond to the claims. As such, Plaintiff's first, fifth, and seventh Claims against the Defendant should be dismissed for failure to adhere to Rule 8(a)(2).

### 2. Plaintiff's Second and Sixth Claims

Plaintiff's second and sixth claims appear to be brought under 42 U.S.C. section 1983 for Due Process violations. (*Id.*, Establishment of Allegations, pp. 3-4). B However, Plaintiff has failed to state what Due Process theory he is pursuing. For example, is Plaintiff claiming a Procedural or Substantive Due Process violation? Under which constitutional amendment? What specific right did Defendant deprive Plaintiff? Without the answers to these questions, Defendant is unable to meaningfully respond to these claims. As such, Plaintiffs' second and sixth claims run afoul of Rule 8(a)(2) and must be dismissed.

### 3. Plaintiff's Third and Fourth Claims

Plaintiff's third and fourth claims appear to be brought under California law; however, no authority or specific legal theory is referenced. (*Id.*, 3.) Plaintiff fails to provide a factual basis for his claims against Defendant, other than the fact that Defendant did not record Plaintiff's document. (*Id.*, Facts, p. 2.) This runs afoul of Rule 8(a) and deprives Defendant of sufficient notice to understand the nature of the claims being asserted against him so as to prepare a response. *See McHenry*, 84 F.3d at 1176. As such, Plaintiffs' third and fourth claims run afoul of Rule 8(a)(2) and must be dismissed.

### 4. Plaintiff's Eighth, Ninth, and Tenth Claims

Plaintiff's eighth, ninth, and tenth claims appear to be based in criminal law and not civil law

causes of action. (ECF No. 1, Complaint, Establishment of Allegations, p. 4.) The claims listed are Official Misconduct, Maintaining False Public Documents, and Defrauding the Public Record, respectively. (*Id*.) Each of these claims appear to be based on the California Penal Code or other criminal statutes. *See, e.g.*, Cal. Pen. Code § 135 ("A person who, knowing that any book, paper, record, instrument in writing, digital image, video recording owned by another, or other matter or thing, is about to be produced in evidence upon a trial, inquiry, or investigation, authorized by law, willfully destroys, erases, or conceals the same, with the intent to prevent it or its content from being produced, is guilty of a misdemeanor.); Cal. Gov. Code § 1855 ("Every officer whose office is abolished by law, or who, after the expiration of the time for which he may be appointed or elected, or after he has resigned or been legally removed from office, willfully and unlawfully (a) Mutilates, destroys, or takes away the records, papers, documents, or other writings appertaining or belonging to his office, or (b) Withholds or detains from his successor, or other person entitled thereto, the records, papers, documents, or other writings appertaining or belonging to his office, or any money or property in his custody as such officer, is punishable by imprisonment in the state prison.") Since these legal theories are not based in civil law, Plaintiff's eighth, ninth, and tenth claims should be dismissed for failing to comply with Rule 8(a)(2).

Given the foregoing, the Complaint fails to comply with Rule 8(a)(2) by providing a short and plain statement of facts entitling Plaintiff to relief, and as a result leaves the Defendant guessing as to which legal theories Plaintiff bases their claims. As such, his Complaint must be dismissed with prejudice pursuant to Rules 8(a)(2) and 41(b). *See* F.R.C.P. Rule 8(a)(2), 41(b); *Nevijel*, 651 F. 2d at 673; *see also MackIntosh*, 2019 WL 5682826 at *5; *McHenry*, 84 F. 3d at 1175-1178.

**B. Plaintiffs' Complaint Fails to Allege Facts Sufficient to State a Claim Upon Which Relief May Be Granted.**

To survive a Motion to Dismiss under F.R.C.P. Rule 12(b)(6), a plaintiff must make a "short and plain statement" providing "enough facts to state a claim for relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (quoting Rule 8(a)(2)). Survival requires more than a statement that is merely consistent with a valid theory of recovery. *Id*. at 557. Rather, the statement must include "enough factual matter (taken as true) to suggest" a right to relief. *Id*. at 556 (parentheses in original). In other words, the statement must have "enough heft to show that the pleader is entitled to

MEMORANDUM OF POINTS OF AUTHORITIES IN SUPPORT OF DEFENDANT KEATON DENLAY'S MOTION TO DISMISS PLAINTIFF RICHARD LYON'S COMPLAINT

relief" and must "raise a right to relief above a speculative level." *Id*. at 557. Thus, the Ninth Circuit has summarized the governing standard, in light of *Twombly* and *Iqbal*, as follows: "In sum, for a complaint to survive a motion to dismiss, the non-conclusory factual content, and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009).

Dismissal under F.R.C.P. 12(b)(6) is proper where there is either a "lack of a cognizable legal theory" or "the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988). A court must determine whether the plaintiff would be entitled to some form of relief if the facts alleged in the complaint were true. *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *De La Cruz v. Tormey*, 582 F.2d 45, 48 (9th Cir. 1978). However, a court need not accept as true conclusory allegations, unreasonable inferences, legal characterizations, or unwarranted deductions of fact contained in the complaint. *Clegg v. Cult Awareness Network*, 18 F.3d 752, 754–755 (9th Cir. 1994); *S. E. C. v. Seaboard Corp.*, 677 F.2d 1315, 1316 (9th Cir. 1982); *W. Min. Council v. Watt*, 643 F.2d 618, 630 (9th Cir. 1981).

As discussed above, since Plaintiff provides no valid legal authority to base his claims, the interpretation of Plaintiff's claims must be done in the most generous way possible. Even with a generous interpretation, Plaintiff's eighth, ninth, and tenth claims are not discussed as they are criminal law violations and not civil causes of action. (*See* Section IV(A)(4) above.) Plaintiff's remaining claims are discussed below.

1. Plaintiff's First, Fifth, and Seventh Claims

As mentioned above, Plaintiff's first, fifth, and seventh claims reference no legal authority, and Plaintiff states his suit is based in Common Law. (ECF No. 1, Complaint, Introduction to Claim and Background, p. 1.) Plaintiff is thus not relying on any statutes for his claims, and his Complaint must be dismissed for the reasons set forth in Section IV(A) above.

To the extent Plaintiff argues there is a statutory basis for his claims that he could allege if given an opportunity to amend, he should not be granted leave to amend. Providing Plaintiff with the most liberal interpretations, Plaintiff's first, fifth, and seventh claims could broadly fall under Cal. Gov. Code § 27201. Under Cal. Gov. Code § 27201(a)(1)(A), a recorder shall "accept for recordation any instrument, paper,

or notice…" provided it "…meets recording requirements of state statutes and local ordinances…"

Assuming *arguendo* this section could serve as a basis for a right of action, Plaintiff's Complaint does not identify recording requirements set forth under and state statute or local ordinance, nor does he allege any facts to demonstrate he complied with such statutes. The only facts stated regarding the documents to be recorded are that Plaintiff had a "Release of Lien and Release of Mortgage designed to release a lien, along with supporting affidavit(s) attesting to the lawful enactment of said document to be recorded." (ECF No. 1, Complaint, Facts, p. 2.) Plaintiff does not allege additional facts to show that his documents meet any of the basic requirements. Without more alleged facts, Plaintiff fails to show how Defendant violated any law. Therefore, Plaintiff's first, fifth, and seventh claims fail under Rule 12(b)(6).

2. Plaintiff's Second Claim

Plaintiff brings his second claim against Defendant for a "Violation of Due Process." (ECF No. 1, Complaint, Establishment of Allegations, p. 3.) Plaintiff alleges "by knowingly making an unauthorized determination of law to deny the recording of my document(s), thereby disavowing the supporting affidavit(s) evidencing the lawful due process employed when enacting my document(s) and impeding the law force and effect thereof," Defendant violated Plaintiff's due process rights. (*Id*.) As indicated above in Section IV(A), it is unclear which theories are asserted, and which facts support those theories. Nonetheless, even generously construing Plaintiffs' second claim for relief as asserting claims for Violation of Substantive Due Process, the Complaint fails to allege facts stating a claim for relief against the Defendant.

To amount to a violation, the conduct of the accused must "shock the conscience." *Rosenbaum v. Washoe Cty.*, 663 F.3d 1071, 1079 (9th Cir. 2011). Under the overarching test of whether the official's conduct "shocks the conscience" are two standards: the more demanding "purpose to harm" standard and the lesser "deliberate indifference" standard. *Porter v. Osborn*, 546 F.3d 1131, 1137 (9th Cir. 2008). The deliberate indifference standard applies in situations where the government official who caused the harm to the Plaintiff acted or failed to act in a situation when "actual deliberation is practical." *County of Sacramento v. Lewis*, 523 U.S. 833, 851 (1998). When officials have "time to make unhurried judgments," and "extended opportunities to do better," but unreasonably allow harm to occur, then their "protracted failure even to care" can shock the conscience, thus giving rise to a substantive due process claim. *Id*.

Here, Plaintiff has not alleged any facts to support the claim that Defendant acted with "deliberate indifference" in not recording the Plaintiff's documents. Plaintiff simply states Defendant "refused to record [Plaintiff's] document(s)." (ECF No. 1, Complaint, Facts, p. 2.) Without allegations that Defendant was deliberately indifferent in his actions, Plaintiff fails to provide plausibility to the claim that there was a violation of Due Process. Therefore, Plaintiff's second claim fails since Plaintiff did not provide enough facts to show Defendant acted with deliberate indifference.

### 3. Plaintiff's Third Claim

Plaintiff's third claim alleges that Defendant concealed evidence from the record when Defendant did not record Plaintiff's documents. (*Id.*, Establishment of Allegations, p. 3.) If Plaintiff is making a claim of fraud and deceit based on concealment, Plaintiff must prove the following elements: "(1) the defendant must have concealed or suppressed a material fact, (2) the defendant must have been under a duty to disclose the fact to the plaintiff, (3) the defendant must have intentionally concealed or suppressed the fact with the intent to defraud the plaintiff, (4) the plaintiff must have been unaware of the fact and would not have acted as he did if had known of the concealed or suppressed fact, and (5) as a result of the concealment or suppression of the fact, the plaintiff must have sustained damage." *Boschma v. Home Loan Center, Inc.*, 198 Cal.App.4th 230, 248 (2011).

Here, Plaintiff has not pleaded any facts that show Defendant concealed or suppressed a material fact. Even if Plaintiff had alleged that Defendant concealed a material fact, nothing in the Complaint shows any level of intent to defraud or conceal on the part of Defendant. Additionally, Plaintiff states a claim of $1.4 million in damages but provides no allegations to support that amount of damages was derived from Defendant's alleged concealment of facts from the record. (ECF No. 1, Complaint, Damages Sought, p. 8). Therefore, Plaintiff's third claim fails to plead enough facts to show a cause of action for fraud or deceit by concealment.

### 4. Plaintiff's Fourth Claim

Plaintiff's fourth claim alleges Defendant breached his duty by "knowingly failing to record a document that was tendered in legible form..." (*Id.*, Establishment of Allegations, p. 3.) Due to Plaintiff's use of the term "Breach of Duty," possibly Plaintiff is attempting to make a claim of negligence against Defendant. To succeed on a negligence claim, Plaintiff must establish: (1) the defendant had a legal duty

to use due care, (2) the defendant breached such duty, and (3) the breach was the proximate or legal cause of the resulting injury. *Ladd v. County of San Mateo*, 12 Cal.4th 913, 917 (1996).

Government Code section 820.2 provides that "a public employee is not liable for an injury resulting from his act or omission where the act or omission was the result of the exercise of the discretion vested in him, whether or not such discretion be abused." (Cal. Gov. Code § 820.2.) "Immunity is reserved for those basic policy decisions which have been expressly committed to coordinate branches of government, and as to which judicial interference would thus be 'unseemly.' Such areas of quasi-legislative policy-making are sufficiently sensitive to call for judicial abstention from interference that might even in the first instance affect the coordinate body's decision-making process." *Barner v. Leeds*, 24 Cal.4th 676, 685 (2000).

Plaintiff's Complaint simply states that Defendant "knowingly fail[ed] to record a document that was tendered in legible form." (ECF No. 1, Complaint, Establishment of Allegations, 3.) Plaintiff offers no facts to show that Defendant breached his duty in any way, or that Defendant had operated outside of the discretion Defendant is vested as Clerk-Recorder. Additionally, Plaintiff has failed to show in the pleading what injury he suffered. Plaintiff makes a claim for $1.4 million in damages but provides no facts to show Defendant's actions led to that injury. (*Id.*, Damages Sought, p. 8). Without stating facts to allege two of the three elements of negligence, Plaintiff has failed to provide sufficient facts for relief. Moreover, Defendant is entitled to discretionary immunity pursuant to Govt. Code section 820.2 for his alleged misconduct. Therefore, Plaintiff's fourth claim for negligence should be dismissed.

### 6. Plaintiff's Sixth Claim

Plaintiff's sixth claim alleges Defendant deprived Plaintiff of rights under official title. (*Id.*, Establishment of Allegations, 4.) This appears to be a claim under 42 U.S.C. § 1983. "To state a section 1983 claim, a plaintiff must allege facts which show a deprivation of a right, privilege or immunity secured by the Constitution or federal law by a person acting under color of state law." *Lopez v. Dep't of Health Servs.*, 939 F.2d 881, 883 (9th Cir. 1991). In order to be individually liable under § 1983, an individual must personally participate in an alleged rights deprivation. *Avalos v. Baca*, 596 F. 3d 583, 587 (9th Cir. 2010).

Plaintiff has failed to identify the constitutional or federal statutory right that Defendant allegedly

violated. Plaintiff only uses the term "rights violations" and "undue detriment" but those vague references are insufficient. Without a clearly established right, "[a]n official is entitled to qualified immunity if the right which he allegedly violated is not 'clearly established.'" *Campbell v. Burt*, 141 F.3d 927, 930 (quoting *Anderson v. Creighton*, 483 U.S. 635, 639 (1987)). Since Plaintiff has failed to plead which right was allegedly violated, Plaintiff's sixth claim should be dismissed.

## V.    <u>CONCLUSION</u>

For the foregoing reasons, Plaintiff's Complaint does not comply with F.R.C.P. Rule 8(a)(2) and also fails to allege facts sufficient to state a claim for relief against Defendant. As such, Defendant respectfully requests the Court dismiss with prejudice all of Plaintiff's claims against Defendant pursuant to F.R.C.P. Rule 41(b) and/or Rule 12(b)(6).

Dated:    December 4, 2025                PORTER SCOTT
                                          A PROFESSIONAL CORPORATION




                                          By:    */s/ William E. Camy*
                                                  William E. Camy
                                                  Griff Ryan-Roberts
                                                  Attorneys for Defendant KEATON
                                                  DENLAY

MEMORANDUM OF POINTS OF AUTHORITIES IN SUPPORT OF DEFENDANT KEATON DENLAY'S MOTION TO
DISMISS PLAINTIFF RICHARD LYON'S COMPLAINT

**CASE NAME:** *Lyon v. Denlay*
**CASE NO.: Eastern District of CA Court Case No. 2:25-CV-00667-DC-CSK**

## PROOF OF SERVICE

I am a resident of the United States and of the County, of Sacramento, California.  I am over the age of eighteen years and not a party to the within above-entitled action.  My business address is 2180 Harvard Street, Suite 500, Sacramento, California.

That on the date below, I served the following: **MEMORANDUM OF POINTS OF AUTHORITIES IN SUPPORT OF DEFENDANT KEATON DENLAY'S MOTION TO DISMISS PLAINTIFF RICHARD LYON'S COMPLAINT** on all parties in the said action as addressed below by causing a true copy thereof to be served:

|   |   |
|---|---|
|   | **BY MAIL:** I placed the envelope for collection and mailing, following our ordinary business practices. I am readily familiar with this business' practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid. □ Certified Mail/Return Receipt Requested, Article # |
|   | **BY PERSONAL SERVICE:** I caused such document to be personally delivered to the person(s) addressed below.  (1)  For a party represented by an attorney, delivery was made to the attorney or at the attorney's office by leaving the documents, in an envelope or package clearly labeled to identify the attorney being served, with a receptionist or an individual in charge of the office, between the hours of nine in the morning and five in the evening.  (2) For a party, delivery was made to the party or by leaving the documents at the party's residence with some person not younger than 18 years of age between the hours of eight in the morning and six in the evening. |
|   | **BY OVERNIGHT DELIVERY:**  I enclosed the documents in an envelope or package provided by an overnight delivery carrier and addressed to the person(s) listed below. I placed the envelope or package for collection and overnight delivery at my office or a regularly utilized drop box of the overnight delivery carrier. |
| X | **BY ELECTRONIC SERVICE**: Pursuant to CCP 1010.6, I caused the documents to be sent to the persons at the electronic notification address(es) listed below during the normal course of business hours and the transmission was reported as complete without error. |

Addressed as follows:
*Pro Per Plaintiff*
Richard Lyon
4 Kingston Circle
Chico, CA 95926


I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.  Executed at Sacramento, California on December 4, 2025.

*Lexi Landstrom*
Lexi Landstrom

MEMORANDUM OF POINTS OF AUTHORITIES IN SUPPORT OF DEFENDANT KEATON DENLAY'S MOTION TO DISMISS PLAINTIFF RICHARD LYON'S COMPLAINT