UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

RICHARD LYON,

          Plaintiff,

    v.

KEATON DENLAY,

          Defendant.

Case No. 2:25-cv-00667-DC-CSK (PS)

FINDINGS AND RECOMMENDATIONS GRANTING DEFENDANT'S MOTION TO DISMISS WITH LEAVE TO AMEND

(ECF No. 18)

Plaintiff Richard Lyon is proceeding in this action pro se.[1] Pending before the Court is Defendant Keaton Denlay's motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). (ECF No. 18.) On December 29, 2025, the Court vacated the hearing scheduled for January 13, 2026 on Defendant's motion. 12/29/2025 Order (ECF No. 23). Briefing is now complete. Pursuant to Local Rule 230(g), the Court submits the motion upon the record and briefs on file. For the reasons that follow, the Court RECOMMENDS GRANTING Defendant's motion to dismiss with leave to amend.

/ / /

/ / /

/ / /

---

[1]  This matter proceeds before the undersigned pursuant to 28 U.S.C. § 636, Fed. R. Civ. P. 72, and Local Rule 302(c).

1

## I.      BACKGROUND

### A.      Factual Allegations[2]

The Complaint, in its entirety, provides the following factual allegations. Plaintiff alleges that on October 8, 2024, he entered the Recorder's office in Butte Country, California to record "a Release of Lien and Release of Mortgage designed to release a lien, along with supporting affidavit(s) attesting to the lawful enactment of said document to be recorded." Compl. at 2. Defendant Keaton Denlay received Plaintiff's documents and "refused to record [Plaintiff's] document(s)." *Id.*

### B.      Procedural Posture

Plaintiff initiated this action against Defendant on February 26, 2025. Compl. (ECF No. 1). The Complaint states this is a "suit of common-law" but does not assert a specific claim or the basis for subject matter jurisdiction. *See generally* Compl. Instead, the Complaint states that Plaintiff has "established, under the standard of reasonable-articulable suspicion, the triable allegations of[:]" "Unlawful Adjudication;" "Violation of Due Process;" "Concealing Evidence;" "Breach of Duty;" Breach of Oath;" "Deprivation of Rights Under Official Title;" "Abuse of Authority;" Official Misconduct;" "Maintaining False Public Documents;" and "Defrauding the Public Record." Compl. at 3-8. For relief, Plaintiff seeks damages in the amount of $1,400,000, plus costs. *Id*. at 8.

On December 4, 2025, Defendant filed a motion to dismiss and noticed it before the undersigned. (ECF No. 18.) On December 29, 2025, the Court issued an order to show cause due to Plaintiff's failure to file a timely opposition or statement of non-opposition to Defendant's motion. *See* 12/29/2025 Order. On January 12, 2026, Plaintiff filed an unsigned opposition and response to the Court's December 29, 2025 Order. (ECF Nos. 24, 25.) On January 15, 2026, the Court ordered Plaintiff to file signed copies

---

2   These facts primarily derive from the Complaint (ECF No. 1), which are construed in the light most favorable to Plaintiff as the non-moving party. *Faulkner v. ADT Sec. Servs.*, 706 F.3d 1017, 1019 (9th Cir. 2013). However, the Court does not assume the truth of any conclusory factual allegations or legal conclusions. *Paulsen v. CNF Inc.*, 559 F.3d 1061, 1071 (9th Cir. 2009).

of his filings, without modifications, no later than January 23, 2026. 1/15/2026 Order (ECF No. 26.) The Court also ordered that Defendant's reply, if any, was due seven days from the filing of the signed opposition. (*Id.*) On January 20, 2026, Plaintiff filed his signed opposition and response to the Court's December 29, 2025 Order. (ECF Nos. 27, 28.) On January 27, 2026, Defendant file his reply. (ECF No. 30.)

## II.    LEGAL STANDARDS

### A.    Pro Se Pleadings, Construction and Amendment

Pro se pleadings are to be liberally construed and afforded the benefit of any doubt. *Chambers v. Herrera*, 78 F.4th 1100, 1104 (9th Cir. 2023). Upon dismissal of any claims, the court must tell a pro se plaintiff of a pleading's deficiencies and provide an opportunity to cure such defects. *Garity v. APWU Nat'l Lab. Org.*, 828 F.3d 848, 854 (9th Cir. 2016). However, if amendment would be futile, leave to amend does not need to be provided. *Lathus v. City of Huntington Beach*, 56 F.4th 1238, 1243 (9th Cir. 2023).

To determine the propriety of a dismissal motion, the court may not consider facts raised outside the complaint (such as in an opposition brief), but it may consider such facts when deciding whether to grant leave to amend. *Broam v. Bogan*, 320 F.3d 1023, 1026 n.2 (9th Cir. 2003).

### B.    Rule 8 Pleading

Notice pleading in federal court requires that the complaint "give the defendant fair notice of what the ... claim is and the grounds upon which it rests." *Bell Atlantic v. Twombly*, 550 U.S. 544, 555 (2007) (internal citation and quotations omitted). Pursuant to Federal Rule of Civil Procedure 8(a), a pleading must contain: "(1) a short and plain statement of the grounds for the court's jurisdiction…; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought, which may include relief in the alternative or different types of relief." The complaint must clearly and fully set forth "who is being sued, for what relief, and on what theory, with enough detail to guide discovery." *McHenry v. Renne*, 84 F.3d 1172, 1178 (9th Cir. 1996). Each allegation must be simple, concise, and direct. *Id*. Rule 8(d)'s

requirement that each averment of a pleading be "'simple, concise, and direct,' applies to good claims as well as bad, and is a basis for dismissal independent of Rule 12(b)(6)." *Id*. at 1179. "The propriety of dismissal for failure to comply with Rule 8 does not depend on whether the complaint is wholly without merit." *Id*.

### C.  Failure to State a Claim under Rule 12(b)(6)

A claim may be dismissed because of the plaintiff's "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A complaint fails to state a claim if it either lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory. *Mollett v. Netflix, Inc.,* 795 F.3d 1062, 1065 (9th Cir. 2015). When considering whether a claim has been stated, the court must accept the well-pleaded factual allegations as true and construe the complaint in the light most favorable to the non-moving party. *Id.* However, the court is not required to accept as true conclusory factual allegations contradicted by documents referenced in the complaint, or legal conclusions merely because they are cast in the form of factual allegations. *Paulsen*, 559 F.3d at 1071.

### III.  DISCUSSION

Defendant moves to dismiss Plaintiff's Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim and for failure to comply with Rule 8. Def. Mot. at 2-9 (ECF No. 18-1.) The Court finds the Complaint fails to state a claim and should be dismissed with leave to amend.

### A.  Defendant's Motion to Dismiss

Defendant moves to dismiss the Complaint for failure to state a claim. Def. Mot. Plaintiff opposes Defendant's motion arguing the Complaint sufficiently states facts supporting a "plausible" claim for relief. Pl. Opp'n. at 1-2 (ECF No. 28). In addition, for the first time, Plaintiff alleges the Complaint raises claims for a "violation of procedural due process" under 42 U.S.C. § 1983 and a "breach of the mandatory ministerial duty imposed by California Government Code § 27201." *Id*. at 2.

/ / /

4

The Complaint does not contain a short and plain statement of a claim as required by Federal Rule of Civil Procedure 8. In order to give fair notice of the claims and the grounds on which they rest, a plaintiff must allege with at least some degree of particularity overt acts by specific defendants which support the claims. *See Kimes v. Stone*, 84 F.3d 1121, 1129 (9th Cir. 1996). Although the Federal Rules adopt a flexible pleading policy, even a pro se litigant's complaint must give fair notice and state the elements of a claim plainly and succinctly. *Jones v. Community Redev. Agency*, 733 F.2d 646, 649 (9th Cir. 1984). To comply with Rule 8, a complaint should clearly and fully set forth "who is being sued, for what relief, and on what theory, with enough detail to guide discovery." *McHenry*, 84 F.3d at 1177.

Here, the Complaint does not identify a specific cause of action or provide sufficient allegations supporting a cognizable legal claim against Defendant, nor does it assert a basis for federal court jurisdiction. In its current form, the Complaint fails to provide Defendant with fair notice of the grounds on which each claim rests. Plaintiff also seeks to raise new claims not originally raised in the Complaint, thereby making it unclear which claims Plaintiff is seeking to proceed on. *Compare* Compl., *with* Pl. Opp'n. at 2. The Complaint therefore fails to state a claim on which relief may be granted and is subject to dismissal. *See McHenry*, 84 F.3d at 1178-80 (affirming dismissal of complaint where "one cannot determine from the complaint who is being sued, for what relief, and on what theory, with enough detail to guide discovery").

To the extent Plaintiff is seeking to bring a Section 1983 claim, Plaintiff must allege the violation of a right protected by the Constitution and laws of the United States, and that the alleged deprivation was committed by a person who acted under color of state law. 42 U.S.C. § 1983; *see also Florer v. Congregation Pidyon Shevuyim, N.A.*, 639 F.3d 916, 921 (9th Cir. 2011). An individual defendant is not liable on a civil rights claim unless the facts establish the defendant's personal involvement in the constitutional deprivation or a causal connection between the defendant's wrongful conduct and the alleged constitutional deprivation. *See Hansen v. Black*, 885 F.2d 642,

5

645 (9th Cir. 1989); *Johnson v. Duffy*, 588 F.2d 740, 743-44 (9th Cir. 1978).

Because it is not clear whether Plaintiff can allege additional facts to state a viable claim, and which claims Plaintiff is seeking to raise, the Court recommends granting Plaintiff leave to amend. Accordingly, the Court recommends granting Defendant's motion to dismiss with leave to amend.

**B.     Leave to Amend**

Although the Federal Rules adopt a flexible pleading policy, even a pro se litigant's complaint must give fair notice and state the elements of a claim plainly and succinctly. *Jones*, 733 F.2d at 649. Leave to amend should be "freely given when justice so requires" absent any declared or apparent reason, "such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment[.]" *Foman v. Davis*, 371 U.S. 178, 182 (1962); *see also* Fed. R. Civ. P. 15(a)(2).

The Court finds it appropriate to grant Plaintiff an opportunity to amend the Complaint to the extent he can allege facts that sufficiently plead his claims. Plaintiff is warned that conclusory and broad allegations are insufficient to meet Rule 8. Plaintiff must also assert a basis for subject matter jurisdiction. Therefore, the Court recommends the Complaint be dismissed with leave to amend.

The allegations of the amended complaint must be set forth in sequentially numbered paragraphs, with each paragraph number being one greater than the one before, each paragraph having its own number, and no paragraph number being repeated anywhere in the complaint. Each paragraph should be limited "to a single set of circumstances" where possible. *See* Fed. R. Civ. P. 10(b). Forms are available to help plaintiff organize his complaint in the proper way. They are available at the Clerk's Office, 501 I Street, 4th Floor (Rm. 4-200), Sacramento, CA 95814, or online at www.uscourts.gov/forms/pro-se-forms. The amended complaint filed should be titled "First Amended Complaint." **Plaintiff should not file a First Amended Complaint until**

**after the district judge rules on these findings and recommendations. The district judge's order will address whether Plaintiff has permission to file a First Amended Complaint and if leave to amend is granted, the deadline for filing.**

The amended complaint must not require the Court and the defendants to guess at what is being alleged against whom. *See McHenry*, 84 F.3d at 1177 (affirming dismissal of a complaint where the district court was "literally guessing as to what facts support the legal claims being asserted against certain defendants"). The amended complaint must not require the Court to spend its time "preparing the 'short and plain statement' which Rule 8 obligated plaintiff[] to submit." *Id*. at 1180. The amended complaint must not require the Court and defendants to prepare lengthy outlines "to determine who is being sued for what." *Id*. at 1179.

Plaintiff is informed that the court cannot refer to a prior complaint or other filings in order to make the amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. As a general rule, an amended complaint supersedes prior complaint(s), and once the amended complaint is filed and served, any previous complaint no longer serves any function in the case. *Lacey v. Maricopa Cnty*., 693 F.3d 896, 927 (9th Cir. 2012).

## IV.   CONCLUSION

Based upon the findings above, it is RECOMMENDED:

1.   Defendant's motion to dismiss (ECF No. 18) be GRANTED with leave to amend; and

2.   After any order adopting these findings and recommendations, Plaintiff be granted thirty (30) days from such order to file a First Amended Complaint consistent with the Court's order. Failure to timely file an amended complaint will result in a recommendation that this action be dismissed. **Plaintiff should not file a First Amended Complaint <u>until</u> after the district judge rules on these findings and recommendations and only if the district judge grants leave to amend**.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within 14 days after being served with these findings and recommendations, any party may file written objections with the Court and serve a copy on all parties. This document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served on all parties and filed with the Court within 14 days after service of the objections. Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

Dated:  April 6, 2026

CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

4, lyon0667.25