UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

RICHARD LYON,

Plaintiff,

v.

KEATON DENLAY,

Defendant.

Case No. 2:25-cv-00667-DC-CSK (PS)

FINDINGS AND RECOMMENDATIONS

(ECF No. 34)

Plaintiff Richard Lyon is proceeding in this action pro se.[1] Pending before the Court is Defendant Keaton Denlay's motion to dismiss Plaintiff's First Amended Complaint (ECF No. 33) ("FAC") pursuant to Federal Rule of Civil Procedure 12(b)(6). (ECF No. 34.) A hearing was held on August 11, 2026. Plaintiff appeared pro se; attorney Zahi Omari appeared as counsel for Defendant. (ECF No. 38.)

For the reasons that follow, the Court recommends GRANTING Defendant's motion to dismiss and dismissing the First Amended Complaint with leave to amend.

/ / /

/ / /

/ / /

[1] This matter proceeds before the undersigned pursuant to 28 U.S.C. § 636, Fed. R. Civ. P. 72, and Local Rule 302(c).

# I. BACKGROUND

## A. Factual Allegations[2]

Defendant Keaton Denlay is the Butte County Clerk-Recorder. FAC at 4 ¶ 6. Plaintiff alleges that, on October 8, 2024, he went to the Butte County Recorder's Office to record a "'Release of Lien and Release of Mortgage' designed to release a lien on his property" (the "Release Documents"). *Id.* at 5 ¶¶ 7-8. Plaintiff alleges Defendant received Plaintiff's documents but refused to record them and provided no explanation why he refused to record the documents. *Id.* at 5 ¶¶ 10-15. Plaintiff alleges the documents he presented for recordation met the statutory formatting requirements pursuant to California Government Code sections 27361, 27361.6, 27361.7, 27287, and 27288. *Id.* at 5 ¶ 16. Plaintiff alleges that his inability to record the Release Documents prevents him from "selling, refinancing, or otherwise exercising the full incidents of ownership" of his property related to the Release Documents. *Id.* at 7 ¶ 28.

## B. Procedural Posture

Plaintiff initiated this action on February 26, 2025. (ECF No. 1.) On May 5, 2026, the Court granted Defendant's motion to dismiss the initial Complaint with leave for Plaintiff to amend. 5/5/2026 Order (ECF No. 32). Plaintiff filed the First Amended Complaint on May 27, 2026. FAC (ECF No. 33). In the FAC, Plaintiff brings two causes of action: (1) 42 U.S.C. § 1983 for violation of Plaintiff's Fourteenth Amendment right to procedural due process; and (2) breach of a mandatory ministerial duty pursuant to California Government Code § 27201. *Id.* at 7-9. Plaintiff seeks injunctive relief to compel Defendant to record the Release Documents he presented on October 8, 2024, as well as nominal damages of $1.00. *Id.* at 9.

Defendant filed a motion to dismiss the FAC on June 10, 2026. (ECF No. 34.)

---

[2] These facts primarily derive from the FAC (ECF No. 33), which are construed in the light most favorable to Plaintiff as the non-moving party. *Faulkner v. ADT Sec. Servs.*, 706 F.3d 1017, 1019 (9th Cir. 2013). However, the Court does not assume the truth of any conclusory factual allegations or legal conclusions. *Paulsen v. CNF Inc.*, 559 F.3d 1061, 1071 (9th Cir. 2009).

Plaintiff filed an opposition on June 23, 2026. Pl. Opp'n (ECF No. 35). Defendant replied on July 6, 2026. Def. Reply (ECF No. 37). A hearing was held on August 11, 2026. (ECF No. 38.)

## II. LEGAL STANDARDS

### A. Rule 8, Pro Se Pleadings, Construction and Amendment

Pro se pleadings are to be liberally construed and afforded the benefit of any doubt. *Chambers v. Herrera*, 78 F.4th 1100, 1104 (9th Cir. 2023). However, the court need not accept as true conclusory allegations, unreasonable inferences, or unwarranted deductions of fact. *Western Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981). To give fair notice of the claims and the grounds on which they rest, a plaintiff must allege with at least some degree of particularity overt acts by specific defendants which support the claims. *See Kimes v. Stone*, 84 F.3d 1121, 1129 (9th Cir. 1996). A formulaic recitation of the elements of a cause of action does not suffice to state a claim. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-57 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). To state a claim on which relief may be granted, the plaintiff must allege enough facts "to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

Upon dismissal of any claims, the court must tell a pro se plaintiff of a pleading's deficiencies and provide an opportunity to cure such defects. *Garity v. APWU Nat'l Lab. Org.*, 828 F.3d 848, 854 (9th Cir. 2016). However, if amendment would be futile, leave to amend does not need to be provided. *Lathus v. City of Huntington Beach*, 56 F.4th 1238, 1243 (9th Cir. 2023).

To determine the propriety of a dismissal motion, the court may not consider facts raised outside the complaint (such as in an opposition brief), but it may consider such facts when deciding whether to grant leave to amend. *Broam v. Bogan*, 320 F.3d 1023, 1026 n.2 (9th Cir. 2003).

**B. Failure to State a Claim under Rule 12(b)(6)**

A claim may be dismissed because of the plaintiff's "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A complaint fails to state a claim if it either lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory. *Mollett v. Netflix, Inc.,* 795 F.3d 1062, 1065 (9th Cir. 2015). When considering whether a claim has been stated, the court must accept the well-pleaded factual allegations as true and construe the complaint in the light most favorable to the non-moving party. *Id.* However, the court is not required to accept as true conclusory factual allegations contradicted by documents referenced in the complaint, or legal conclusions merely because they are cast in the form of factual allegations. *Paulsen v. CNF Inc.*, 559 F.3d 1061, 1071 (9th Cir. 2009).

**III. DISCUSSION**

In the FAC, Plaintiff raises the following claims: (1) 42 U.S.C. § 1983 for violation of Plaintiff's Fourteenth Amendment right to procedural due process against Defendant in his official capacity as the Butte County Clerk-Recorder; and (2) breach of a mandatory ministerial duty pursuant to California Government Code § 27201 against Defendant. FAC at 7-9. Plaintiff seeks injunctive relief to compel Defendant to record the Release Documents he presented on October 8, 2024, as well as nominal damages of $1.00. *Id.* at 9.

Defendant moves to dismiss the FAC under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim. Def. Mot. (ECF No. 34-1). Defendant argues that Plaintiff has not stated a claim under 42 U.S.C. § 1983 for violation of procedural due process because Plaintiff has not alleged a deprivation of a constitutionally protected property interest, and even if Plaintiff has such an interest, Defendant is entitled to qualified immunity. *Id.* at 2-4. Defendant further argues that Plaintiff has not stated a claim for breach of a ministerial duty under California law. *Id.* at 4-6.

**A. Fourteenth Amendment Due Process Claim**

To state a claim under 42 U.S.C. § 1983, a plaintiff must show (1) the defendant

committed the alleged conduct while acting under color of state law; and (2) the plaintiff was deprived of a constitutional right as a result of the defendant's conduct. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988). Further, to state a procedural due process claim under 42 U.S.C. § 1983, a plaintiff must allege: (1) a deprivation of a constitutionally protected liberty or property interest, and (2) a denial of adequate procedural protections. *Kildare v. Saenz*, 325 F.3d 1078, 1085 (9th Cir. 2003); *see Bd. of Regents v. Roth*, 408 U.S. 564, 569-70 (1972).

1. *Monell* Liability

Claims against government officials in their official capacities under § 1983 are suits against the governmental employer because the employer must pay any damages that are awarded. *Butler v. Elle*, 281 F.3d 1014, 1023 n.8 (9th Cir. 2002). Therefore, the § 1983 procedural due process claim against Defendant Denlay in his official capacity as the Butte County Clerk-Recorder is a claim against Butte County. "A local government may not be sued under § 1983 for an injury inflicted solely by its employees or agents." *Monell v. Dep't of Soc. Servs. of City of N.Y.*, 436 U.S. 658, 694 (1978). "In order to establish municipal liability [under *Monell*], a plaintiff must show that a 'policy or custom' led to the plaintiff's injury." *Castro v. County of Los Angeles*, 833 F.3d 1060, 1073 (9th Cir. 2016) (en banc) (quoting *Monell*, 436 U.S. at 694). To state a *Monell* claim, a plaintiff must allege that (1) he was deprived of a constitutional right; (2) the municipality has a policy; (3) the policy amounts to deliberate indifference to plaintiff's constitutional rights; and (4) the policy is the moving force behind the constitutional violation. *See Anderson v. Warner*, 451 F.3d 1063, 1070 (9th Cir. 2006) (citing *Oviatt v. Pearce*, 954 F.2d 1470, 1474 (9th Cir. 1994)). The complaint must identify the particular policy that the plaintiff alleges caused his constitutional injury. *See Lee v. City of Los Angeles*, 250 F.3d 668, 681 (9th Cir. 2002); *see also Connick v. Thompson*, 563 U.S. 51, 60 (2011) (under § 1983, local governments are responsible only for "their own illegal acts," and therefore to impose liability on a local government, plaintiffs must prove that an "action pursuant to official municipal policy" caused their

injury) (citations omitted). Further, the policy at issue must be the result of a decision of a person employed by the entity who has final decision or policymaking authority. *Monell*, 436 U.S. at 694. There must be a direct causal link between the policy or custom and the injury, and a plaintiff must be able to demonstrate that his injury resulted from a permanent and well-settled practice. *Anderson*, 451 F.3d at 1070.

Here, the FAC fails to state a § 1983 claim under a *Monell* theory of liability. Plaintiff alleges Defendant's refusal to record "reflected a longstanding practice and/or custom of the Butte County Recorder's Office of refusing to record documents presented by Plaintiff and others similarly situated without providing written explanation or lawful basis." FAC at 6 ¶ 24. Plaintiff pleads minimal allegations and fails to sufficiently state a *Monell* claim. Insofar as they relate to an ongoing policy to deprive constitutional rights, the allegations are conclusory. *See A. E. ex rel. Hernandez v. County of Tulare*, 666 F.3d 631, 637 (9th Cir. 2012) (clarifying that *Monell* claims may not be pleaded with conclusory allegations reciting elements of cause of action). Further, at the August 11, 2026 hearing, Plaintiff conceded that the FAC does not contain allegations that Butte County has a policy that deprived him of his procedural due process rights. However, Plaintiff asserted at the hearing that he would be able to make such allegations if granted leave to amend. Accordingly, the Court recommends Plaintiff's *Monell* claim against Defendant Denlay be dismissed with leave to amend.

2. Property Interest

Defendant argues that the FAC fails to state a procedural due process claim because Plaintiff does not plead a constitutionally protected property interest where "[t]here is no federal right to have a document recorded at a county recorder's office." Def. Mot. at 3. In opposition, Plaintiff argues Defendant misconstrues his asserted property interest, which is really "a protected property interest in clear, unencumbered title to his real property." Pl. Opp'n at 3; *see also* FAC at 2 ¶ 5, 3 ¶ 11, 7 ¶ 28. Plaintiff contends that California's recording statutes merely provide an "independent source" for a legitimate claim of entitlement to clear, unencumbered title. Pl. Opp'n at 3-4. Plaintiff

concedes he is not asserting a constitutionally protected right to recordation in and of itself. *Id.* at 1, 3.

Liberty or property interests may arise from the United States Constitution or from state law. *Meachum v. Fano*, 427 U.S. 215, 223-27 (1976); *Shanks v. Dressel*, 540 F.3d 1082, 1091 (9th Cir. 2008) (a governing state statute that compels a result upon compliance with certain criteria, none of which involve the exercise of discretion by the reviewing body, creates a constitutionally protected property interest). For a plaintiff "[t]o have a property interest in a benefit . . . He must have more than a unilateral expectation of it. He must, instead, have a legitimate claim of entitlement to it." *Roth*, 408 U.S. at 577. Where a constitutionally protected liberty or property interest is at stake, determination of what process is due is a fact-specific inquiry. *See Mathews v. Eldridge*, 424 U.S. 319, 335 (1976).

Here, Plaintiff has not pleaded a constitutionally protected liberty or property interest for several reasons. First, California's recording statutes do not themselves create a derivative property interest. *See Bear Creek Master Assn. v. S. Cal. Invs., Inc.*, 28 Cal. App. 5th 809, 817 (2018) ("The recording statutes ([Cal. Civ. Code] §§ 1213-1220) generally do not govern either the creation or the relative priority of interests in real property. Rather, they affect the priority of interests in real property by defining when a person is deemed to have constructive notice of another interest in the property.") (citation modified); *Taormina Theosophical Cmty., Inc. v. Silver*, 140 Cal. App. 3d 964, 971 (1983) ("Recording itself grants no interest in the property, and a void document derives no validity from the mere fact that it is recorded.") (citation modified). Plaintiff's theory produces a circular argument: Plaintiff is entitled to record the Release Documents because he has a purported property interest in unencumbered title, which is itself created by recordation. Thus, Plaintiff cannot assert a protected property interest in clear, unencumbered title arising out of California's recording statutes.

Second, even assuming Plaintiff can have a protected property interest in unencumbered title independent of the recording statutes, the FAC lacks any allegations

regarding Plaintiff's purported property and title thereto. Plaintiff alleges only that he resides at an address in Chico, California, but does not indicate whether this is the real property at issue in the Release of Lien and Release of Mortgage. *See* FAC at 4 ¶ 5. Plaintiff does not allege facts about the underlying lien or mortgage on his property. Thus, Plaintiff has not adequately alleged an existing protected interest in clear and unencumbered title.

Third, Plaintiff fails to establish how Defendant deprived him of a property interest by refusing to record the Release Documents. Although the FAC alleges Plaintiff presented Defendant with "supporting affidavit(s) attesting to the lawful enactment of said document[s] to be recorded," *id.* at 5 ¶ 9, Plaintiff did not allege the content of those affidavits. The FAC alleges the Release Documents met statutory formatting requirements, *see id.* at 5 ¶ 16, but Plaintiff has not made allegations showing that the Release Documents are substantively valid, *i.e.*, that they are compliant with relevant statutes such that they are "authorized or required by statute, court order, or local ordinance" to be recorded. Cal. Gov't Code § 27201(a)(1)(A). If Plaintiff was not substantively entitled to record the Release Documents, then Defendant's refusal to record could not have affected Plaintiff's purported interest in unencumbered title. Thus, Plaintiff fails to allege non-conclusory facts showing that Defendant's failure to record implicates a protected liberty or property interest. *See Shanks*, 540 F.3d at 1091; *Summers v. Marin Cnty. Recorders Off.*, 2009 WL 1096274, at *1 (N.D. Cal. Apr. 22, 2009) (dismissing complaint where plaintiff "failed to indicate any life, liberty, or property interest implicated by the Marin County Recorder's alleged failure to file the documents in question"); *Ingraham v. Lundrigan*, 2010 WL 4286324, at *7 (E.D. Cal. Oct. 22, 2010) (holding plaintiff lacked protected interest to have documents recorded because "his notice of intent . . . is not a document recognized for recording" and plaintiff cannot be denied due process where "he was deprived of something he had no rights to").

Accordingly, Plaintiff fails to state a § 1983 claim for procedural due process under the Fourteenth Amendment, and for these additional reasons, the first cause of

action should be dismissed.

**B. Qualified Immunity**

Defendant also argues that qualified immunity bars Plaintiff's first cause of action on the grounds that the FAC does not allege that Defendant's alleged refusal to record Plaintiff's documents violated a clearly established right. Def. Mot. at 3-4.

"The doctrine of qualified immunity protects government officials from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Pearson v. Callahan*, 555 U.S. 223, 231 (2009) (citation modified). Qualified immunity shields an officer from liability even if his or her action resulted from "a mistake of law, a mistake of fact, or a mistake based on mixed questions of law and fact." *Id.* (citation modified). "Qualified immunity is, however, 'available only to government officials sued in their individual capacities' and is '*not* available to those sued only in their official capacities.'" *Wright v. Beck*, 981 F.3d 719, 737 (9th Cir. 2020) (quoting *Cmty. House, Inc. v. City of Boise, Idaho*, 623 F.3d 945, 965 (9th Cir. 2010)).

Here, Plaintiff sues Defendant Keaton Denlay in his official capacity. FAC at 4 ¶ 6. Qualified immunity is therefore unavailable; accordingly, the Court declines to address Defendant's arguments for qualified immunity. *See Wright*, 981 F.3d at 737.

**C. Supplemental Jurisdiction**

A court may decline to exercise supplemental jurisdiction over state law claims if it "has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3); see also *Lacey v. Maricopa Cnty.*, 693 F.3d 896, 940 (9th Cir. 2012). The decision to retain or decline jurisdiction must be made in light of "the objectives of economy, convenience and fairness to the parties, and comity." *Trustees of Constr. Indus. & Laborers Health & Welfare Trust v. Desert Valley Landscape & Maintenance, Inc.*, 333 F.3d 923, 925 (9th Cir. 2003). The United States Supreme Court has held "[n]eedless decisions of state law should be avoided both as a matter of comity and to promote justice between the parties" and that if "the federal claims are dismissed before trial...the

state claims should be dismissed as well." *United Mine Workers v. Gibbs*, 383 U.S. 715, 726 (1966).

Here, the Court recommends dismissing the first cause of action under 42 U.S.C. § 1983 (procedural due process), over which it has original jurisdiction. Plaintiff's remaining second cause of action for breach of a ministerial duty is an independent state law claim. Accordingly, the Court declines to exercise supplemental jurisdiction over Plaintiff's second cause of action in the interest of comity and to promote convenience and fairness to the parties. *See id.* The Court therefore recommends that Plaintiff's second cause of action for breach of a ministerial duty be dismissed.

**D. Leave to Amend**

If the court finds that a complaint should be dismissed for failure to state a claim, it has discretion to dismiss with or without leave to amend. *Lopez v. Smith*, 203 F.3d 1122, 1126-30 (9th Cir. 2000). Leave to amend should be granted if it appears possible that the defects in the complaint could be corrected, especially if a plaintiff is pro se. *Id.* at 1130-31; *see also Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995) ("A pro se litigant must be given leave to amend his or her complaint, and some notice of its deficiencies, unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment.") (citation omitted). However, if, after careful consideration, it is clear that a complaint cannot be cured by amendment, the court may dismiss without leave to amend. *Cato*, 70 F.3d at 1105-06.

In light of Plaintiff's pro se status, and because it is at least conceivable that Plaintiff could allege additional facts to state a § 1983 procedural due process claim against Defendant, the Court finds it appropriate to grant Plaintiff an opportunity to amend the FAC. *See Lopez*, 203 F.3d at 1130-31 (indicating that prior to dismissal, the court is to tell the plaintiff of deficiencies in the complaint and provide an opportunity to cure if it appears at all possible the defects can be corrected). Plaintiff will be provided one final opportunity to amend his amended complaint to the extent he can allege facts that sufficiently plead his claims, including specific facts demonstrating that Plaintiff has

a protected property interest and that Plaintiff's alleged constitutional violations resulted from the County's "execution of a government's policy or custom." *Monell*, 436 U.S. at 694. Therefore, the Court recommends Defendant's motion to dismiss be granted and that the FAC be dismissed with leave to amend.

As stated in the previous order: The allegations of the amended complaint must be set forth in sequentially numbered paragraphs, with each paragraph number being one greater than the one before, each paragraph having its own number, and no paragraph number being repeated anywhere in the complaint. Each paragraph should be limited "to a single set of circumstances" where possible. *See* Fed. R. Civ. P. 10(b). Forms are available to help plaintiff organize his complaint in the proper way. They are available at the Clerk's Office, 501 I Street, 4th Floor (Rm. 4-200), Sacramento, CA 95814, or online at www.uscourts.gov/forms/pro-se-forms. The amended complaint filed should be titled "Second Amended Complaint." **Plaintiff should not file a Second Amended Complaint until after the district judge rules on these findings and recommendations. The district judge's order will address whether Plaintiff has permission to file a Second Amended Complaint and if leave to amend is granted, the deadline for filing.**

The amended complaint must not require the Court and the defendant to guess at what is being alleged against whom. *See McHenry v. Renne*, 84 F.3d 1172, 1177 (9th Cir. 1996) (affirming dismissal of a complaint where the district court was "literally guessing as to what facts support the legal claims being asserted against certain defendants"). The amended complaint must not require the Court to spend its time "preparing the 'short and plain statement' which Rule 8 obligated plaintiff[] to submit." *Id.* at 1180. The amended complaint must not require the Court and defendants to prepare lengthy outlines "to determine who is being sued for what." *Id.* at 1179.

Plaintiff is informed that the court cannot refer to a prior complaint or other filing in order to make the amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. As a

general rule, an amended complaint supersedes prior complaint(s), and once the amended complaint is filed and served, any previous complaint no longer serves any function in the case. *Lacey*, 693 F.3d at 927. Besides amending to cure the defects in the FAC, Plaintiff is not permitted to add any other claims in the Second Amended Complaint.

**IV. CONCLUSION**

Based upon the findings above, it is RECOMMENDED:

1. Defendant's motion to dismiss (ECF No. 34) be GRANTED;
2. Plaintiff's First Amended Complaint (ECF No. 33) be DISMISSED with leave to amend; and
3. Plaintiff be given 30 days from the date of this order to file an amended complaint that complies with the instructions provided above. If Plaintiff fails to timely comply with this order, the undersigned may recommend that this action be dismissed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within 14 days after being served with these findings and recommendations, any party may file written objections with the Court and serve a copy on all parties. This document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served on all parties and filed with the Court within 14 days after service of the objections. Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

Dated: September 3, 2026

CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

8, lyon.0667.25